FILED
Jul 14, 2026
07:52 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **BALLARD THACKER,**<br>        **Employee**,<br>**v.**<br>**567 PARTNERS, INC.,**<br>        **Employer**,<br>**and**<br>**FRANKENMUTH MUTUAL**<br>**INSURANCE CO.,**<br>        **Carrier**. | **Docket No. 2025-20-6098**<br><br><br>**State File No. 860304-2025**<br><br><br>**Judge Brian K. Addington** |

## EXPEDITED ORDER

Ballard Thacker alleged a life-threatening infection after he scratched his leg while working for 567 Partners. 567 Partners denied the claim, asserting that Mr. Thacker was injured at home and recklessly worsened the non-work-related injury at work.

The Court held an expedited hearing on July 9, 2026, on his entitlement to medical and temporary disability benefits, and attorney fees. The Court finds that Mr. Thacker is likely to prevail at a compensation hearing that his injury is work-related and grants his request for medical benefits but denies the other requests.

### Claim History

Mr. Thacker worked as a plumber for 567 Partners. He testified that as he descended stairs, he injured his left leg on a ladder a coworker carried on August 21, 2025. He notified his supervisor, who told him to rest, which Mr. Thacker did for 15-20 minutes. Mr. Thacker's memory after the incident is hazy because he developed a severe infection that required extensive hospitalization. Although he worked on August 22, he did not work after that day.

The jobsite was very crowded, as coworkers who normally did not work

1

together were forced into one home on instructions from 567 Partners' owner to finish the job that day. Although they were in tight quarters, they did not see each other all day, as their jobs had them working in different areas of the home at different times.

Robert Akins, a laborer, testified that Mr. Thacker, trying to avoid horseplay at the top of the stairs, bumped into him that day on the stairs but did not hit the ladder he was carrying. The next morning, Mr. Akins observed Mr. Thacker limping. He saw him push a pocketknife into his leg and pour cola on the wound as an antiseptic. Mr. Akins had not observed Mr. Thacker limping before the incident.

Cole Lester, lead gas plumber, also saw Mr. Thacker poke the knife into his leg and pour cola on the leg as he was walking past him the day after the incident. Before the August 21 incident, he overheard Mr. Thacker telling 567 Partners' owner that he fell off his porch at home and injured his leg.

Neither Mr. Akins nor Mr. Lester testified as to which leg they observed Mr. Thacker poke with a knife.

Mr. Thacker sought medical treatment at a local hospital and was transferred to a regional hospital, where he came under the care of Dr. Kent Lord. Dr. Lord testified that, based on the history that Mr. Thacker gave him, the infection and hospitalization of his leg were caused by the bump at work. He also stated that his opinion might change if the facts changed. The parties did not ask Dr. Lord about the knife and cola incident.

**Findings of Fact and Conclusions of Law**

Mr. Thacker must show a likelihood of proving at a hearing on the merits that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2025). The threshold question is whether he was injured at work. To prevail, Mr. Thacker must show that his injury arose primarily out of and in the course and scope of employment. He must prove a work-related incident or set of incidents identifiable by time and place of occurrence. *Id.* § 50-6-102(12)(A).

Based on the testimony of Mr. Thacker and Mr. Akins, the Court finds that two separate incidents occurred where Mr. Thacker ran into a coworker on the stairs on August 21. In one incident, he ran into Mr. Akins, and in another incident with another worker, he scratched his leg and notified his boss, who told him to rest.

2

567 Partners pointed to other causes of Mr. Thacker's injury, including a fall from a porch at home and poking himself with a knife at work. The Court finds that the incident where he poked himself with a knife happened, as the witnesses testified.

When Mr. Thacker gave Dr. Lord the history of the accident, Dr. Lord gave an opinion that the injury and need for treatment were caused by the bump on the stairs. This is the only medical opinion in the record. No one asked Dr. Lord about the knife and cola alleged incident. The Court cannot speculate whether Dr. Lord's opinion would change based on this information. So, Mr. Thacker is likely to succeed at a hearing in proving his entitlement to medical benefits.

Because 567 Partners failed to provide medical benefits, the Court designates Dr. Lord as his authorized treating physician. *Blevins v. S. Champion Tray, LP,* 2019 TN Wrk. Comp. App. Bd. LEXIS 29, at *16-17 (July 11, 2019). 567 Partners shall arrange appointments with Dr. Lord and pay for his treatment.

Mr. Thacker also requested temporary disability benefits. To receive them, he must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Other than he has not worked, he offered no proof on these requirements, and his request is denied.

The Court reserves the issue of attorney fees. Although Mr. Thacker is successful currently in showing he is likely to succeed at a hearing on the merits about medical benefits, awarding attorney fees at this early stage is not supported by the facts. *Andrew v. Yates Servs., LLC*, 2018 TN Wrk. Comp App. Bd. LEXIS 22, at *12 (May 8, 2018).

**It is ORDERED AS FOLLOWS:**

1.    567 Partners and its carrier must provide Mr. Thacker medical treatment with Dr. Kent Lord and provide any reasonable and necessary medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A).

2.    Mr. Thacker's requests for payment of temporary disability benefits and attorney fees are denied at this time.

3

3. The Court sets a status hearing on **September 30, 2026**, at **2:00 p.m. Eastern**. The parties must dial **855-543-5044** to participate.

4. Unless interlocutory appeal of the expedited order is filed, compliance with this order must occur no later than seven business days from the date of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED July 14, 2026.**

**Brian K. Addington**

_____
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:

1. Affidavit of Ballard Thacker
2. Deposition of Dr. Kent Lord
3. Wage Statement
4. Texts (for identification only).[1]

---

[1] The Court did not admit these into evidence as business records because Mr. Thacker's recollection of events after his injury is poor.

4

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on July 14, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Todd East, Employee's Attorney | X | todd@toddeast.com jennifer@toddeast.com |
| Richard Clark, Employer's Attorney | X | rclark@eraclides.com jenniferdavis@eraclides.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*